FILED
2007 Oct-15 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **WAQAS Z. MALIK,** | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| vs. | ] | **CV-07-VEH-RRA-0775-M** |
| | ] | |
| **ALBERTO GONZALES, et al.,** | ] | |
| | ] | |
| Respondents. | ] | |

## **MEMORANDUM OPINION**

This is a habeas corpus petition brought pursuant to 28 U.S.C. § 2241. The magistrate judge entered a report and recommendation recommending that the respondents' motion to dismiss be granted and that the action be dismissed. The petitioner filed objections.

Based upon the petitioner's objections to the report and recommendation, the court ordered a further response from the respondents. As a result, both parties filed additional submissions, including evidentiary exhibits. The court will further address the injunction issue.

The respondents state:

> Malik was legally taken into custody "for a valid cause" on two occasions by ICE officers pursuant to an order of removal. When he was originally released from custody on December 11, 2006, Malik claims that the reason given by HQPDU was "no reasonably foreseeable likelihood of removal." (Petitioner's Reply, p. 7). However, within two months, in February 2007, ICE was informed that the Embassy of Pakistan was ready to issue a travel document and place Malik on a chartered flight scheduled to depart on March 6, 2007. Therefore, on February 7, 2007, when Malik was taken into custody the second time, ICE had verification that travel documents were ready to be issued by Pakistan. (Declaration of Smith). Malik's seat on that chartered flight was denied only after Malik had a personal face-to-face interview with Embassy officials.
> Malik will again be taken into custody for deportation when ICE receives verification that travel documents will be issued since it is the responsibility of ICE officers to detain deportable aliens pending repatriation. However, subject to the

>Supreme Court's ruling in *Zadvydas*, some deportable aliens are granted release, as was Malik, pending travel arrangement.
>
>Further, Malik misinforms this court when he states that he was re-detained on false pretext, i.e. that no travel documents had been obtained. (Objection, p. 4). As evidenced by Exhibits A and B, the Embassy was ready to issue Malik's travel document for a March 6, 2007 flight. (Exhibit B, p. 3 to Declaration). The only false pretext was committed by Malik, who, for whatever reason, thwarted DHS' efforts in getting him on that chartered flight.
>
>Malik has been released on the minimum conditions due a deportable alien, i.e. an Order of Supervision. He is not entitled to frustrate the efforts of deportation officers and then seek to have his release accorded an indefinite status. ICE deportation officers have not behaved wrongfully in any manner in their efforts to deport Malik and their actions have been in accordance with the standards for enforcement activity. Malik's detention, in both instances, has not been a result of "wrongful behavior," but rather dedicated action by deportation officers in removing Malik from the United States, as they are charged to do.

*Respondents' Response to Petitioner's Objections*, pp. 9-10.

>An applicable part of the Code of Federal Regulations states:
>
>2) Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. Thereafter, if the alien is not released from custody following the informal interview provided for in paragraph (h)(3) of this section, the provisions of § 241.4 shall govern the alien's continued detention pending removal.

8 C.F.R. §241.13(i)(2).

An injunction may not be used to enjoin a legal act. Taking the petitioner into custody in order to deport him, and then releasing him when it was determined that he could not be deported at that time, was not an illegal act. The respondents reasonably believed the respondent was ready to be deported. The petitioner himself was not candid as to his country of birth. Finally, the mere possibility that the petitioner may in the future be taken into custody improperly, under the guise of deportation, which has not yet happened to this petitioner, will not support an injunction.

Wherefore, the court accepts the report and recommendation, and hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. Based on the report and recommendation, the parties' additional submissions, and the court's additional statements in this memorandum opinion, it is determined that this habeas petition is due to be dismissed. An appropriate order will be entered.

**DONE** this the 15th day of October, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ VEHopkins
　　　　　　　　　　　　　　　　　　　　　　　　**VIRGINIA EMERSON HOPKINS**
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge